E-filing

Ross Shade and Mary C. Shade
26 Gibson Rd
Woodland, CA 95695
Tel. 530-666-4817 .



FILED
MAY 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

ROSS S. SHADE and MARY C. SHADE )
   Plaintiffs )
 ) 
 ) CASE NO
vs. ) C08-02563
 )
JUDICIAL COUNCIL OF THE STATE OF ) COMPLAINT
CALIFORNIA; RONALD M. GEORGE, in his )
official capacity as Chief Justice and as )
Chair of the Judicial Council, and )
MARVIN R. BAXTER, BRAD R. HILL, )
EILEEN C. MOORE, RICHARD D HUFFMAN, )
GEORGE J ABDALLAH, JR., )
THOMAS M. MADDOCK, PETER R. ESPINOZA, )
CHARLES W. McCOY JR., TERRY B FRIEDMAN, )
BARBARA J. MILLER, JAMIE A. JACOBS-MAY, )
DENNIS E. MURRAY, CAROLYN B. KUHL, )
JAMES MICHAEL WELCH, ELLEN M. CORBETT, )
DAVE JONES, RAYMOND G. ARAGON, )
THOMAS V. GIRARDI, ANTHONY P. CAPOZZI, )
BARBARA J. PARKER, RONALD E. ALBERS, )
MICHAEL M. RODDY, DEENA FAWCETT, )
NANCY WIEBEN STOCK, IRA R. KAUFMAN, )
SHAROL STRICKLAND, and )
MICHAEL D. PLANET in their official capacities )
as members of the Judicial Council; and )
WILLIAM C. VICKERY in his capacity )
as Administrative Director of the Courts. )
Does 1 - 100 _____ /

     Plaintiffs Ross Shade and Mary C. Shade bring this action to recover damages suffered by reason of defendants' neglect in performing their duties as the California Judicial Council and other remedies as Court deems proper for benefit of others suffering similar harm in light of the facts.

1

## APPLICABILITY / JURISDICTION

The *members* of the *Judicial Council* are included herein based on their official capacities as set forth in Article 6 Section VI subsection (c) of the California Constitution (i.e., those who *appoint* the Administrative Director of the Courts).

Power to appoint is tantamount to controlling and directing as to performance of duty to; (a) *improve administration of justice, practice, and procedures*, (b) other functions prescribed by statute, and (c) being assured that the rules adopted shall not be inconsistent with statute as set forth in subsection of Article 6 of the California Constitution. The Administrative Director serves at the pleasure of *Judicial Council* and performs functions delegated by the *Council*.

The Administrative Director and Chief Justice are included here only to the extent and in such capacities as are not otherwise protected from personal liability by statutes but are sworn to uphold the laws of this State.

\*\*\*

Plaintiffs allege herein that the *Judicial Council* has failed in its *duty* to *oversee* the *Judicial System*, has failed to act to provide justice for Plaintiffs, and has in the past *failed to provide justice* for the poor and disadvantaged in civil court such that it can be claimed that there is no civil justice for a large portion of the citizens of this State.

## HISTORY RESULTING IN THIS LITIGATION

1. In order to avoid this litigation plaintiffs attempted to contact the *Chief Justice* in his capacity as *Chair of the Judicial Council* (i.e., seeking investigation of acts and misdeeds of *Superior Court* of the County of Yolo) that among others include the loss or removal of pleadings including an Answer to Motion for Summary Judgment and supporting pleadings filed with that A*nswer*. This is a serious matter that resulted in a judge granting a Motion for Summary Judgment in a case where Plaintiff Mary C. Shade is seeking compensatory damages for injuries occurring in a convalescent hospital that has resulted in substantial

disability and in turn resulted Plaintiff Ross Shade (as caregiver) being unable to work outside the home.

2.  Plaintiff found it necessary to contact the Chief Justice and request an investigation of the matter because, when asked, the <u>Presiding Judge of the Superior Court</u> had failed to investigate and rectify the error that had occurred in his court when a Motion for Summary Judgment was granted.

3.  Response to plaintiffs request to the Chief Justice for an investigation was insteatl one reply from the *General Counsel* stating that "...the *Judicial Council* (nor the Administrative Office of the Courts) are not authorized to supervise *judges and are not responsible for the Administrative Directors failure to supervise and control the court",* <u>to which</u> <u>plaintiffs strongly disagree</u>.

4.  Plaintiffs will allege that the documents that were lost or removed from court's case file had been received by the Clerk of the Court and recorded but were lost or <u>were removed from the Court's case files</u> in violation of section 135 of the California penal code.

5.  Furthermore, during the past four years plaintiffs have suffered damages for which plaintiffs herein claim when judges of the Superior Court have knowingly permitted the filing of file documents using false pretenses, with collusion to commit fraud and to engage in racketeering.

6.  The *responses* from the *Judicial Council* subordinates would have plaintiffs believe they should file a file a *complaint* against *a judge*. But it is the fault of our judicial system, not the responsibly or fault of a judge. Filing complaints against judges of the Superior Court of the County of Yolo have done nothing to improve the Judicial System and the <u>scheme</u> to have parties who have found fault with the California Judicial System is an obvious *ruse* intended to misdirect parties who would otherwise have sued the Judicial Council.

7.  Investigating *Judicial Performance* of judges has served no useful purpose except for amusement (<u>i.e.</u>, "*here comes the judge*" satire poking fun at it and its

3

findings), and has not remedied what is wrong with the Superior Court of Yolo County nor provide a remedy <u>for those who are denied civil justice</u>.

8.  Plaintiffs have nothing to show that the Judge who granted the Motion for Summary Judgment was not acting in accordance with an unwritten and/or unapproved written policy as to procedures adopted by this <u>Superior Court of the County of Yolo</u>.

9.  Prior to asking the Chief Justice (as Chair of the Judicial Council) for an <u>investigation</u>, plaintiffs <u>first asked the Presiding Judge of the Superior Court</u> of Yolo County <u>to investigate</u> this <u>grievous error</u> involving the Plaintiff's Answer to Defendant's Motion for Summary Judgment which was missing from the files. But the Presiding Judge of the Superior Court of Yolo County did not investigate and refused to take any action <u>to rectify the error</u> made by the court; said instead, that there *was nothing to show the judge was biased*. The <u>address to which a complaint might be filed with the Committee for Judicial Performance was provided</u> as part of the scheme to misdirect persons as to their proper remedy when denied justice in the courts.

10. Plaintiff's request to the *presiding judge* <u>was on November 28, 2007</u>. *Employment* of the *Clerk* who allowed and *observed plaintiff's examination* of the <u>files in November was *terminated* prior to December 31, 2007</u>. The reason no longer employed might be *speculative* but it is *not speculation* as to why one knowledgeable attorney has elected not to represent clients in the Superior Court of Yolo County. When asked to represent plaintiffs he refused because "<u>this Superior Court of Yolo County is *something else*</u>" and he said "<u>he never represents clients in this court</u>").

11. How many <u>other attorneys</u> have also elected <u>not to become advocates</u> in Yolo County Superior Court <u>would be *speculation*</u>. The *advocate driven judicial system*, at least in the Superior Court of the County of Yolo is simply not working.

***

## CAUSES OF ACTION
### PART I

<u>Plaintiffs Allege #1</u>: That, as first cause of action, failure and neglect of the Administrative Director and members of the Judicial Council caused plaintiffs grave physical and emotional harm and financial damages by reason of the Superior Court of the County of Yolo granting a Motion for Summary Judgment without good reason and/or act of removing, thus falsifying the record in violation of section 135 of the California Penal Code.

\*\*\*

<u>Plaintiffs Allege #2</u>: That, as second cause of action, the failure and neglect of Administrative Director and members of the Judicial Council have caused plaintiffs grave harm and financial loss by reason of judgment for defendant inasmuch as (even without considering documents missing from the files opposing the Motion for Summary Judgment) the motion should not have been granted when the moving party provided no evidence (<u>i.e.</u>, not even a declaration in support of the claim that there was no negligence resulting in injury), to support its claim that "there is no issue of fact to be tried" (<u>i.e.</u>, Mason v. Marriage & Family Center (1991) 228 Cal.App.3d 537).

\*\*\*

<u>Plaintiffs Allege #3</u>: That, as a third cause of action, failure and neglect of Administrative Director and members of the Judicial Council caused plaintiffs grave harm and financial loss by reason of failure to investigate and rectify the error (supra) by the Presiding Judge of the Superior Court of County of Yolo who like all judges are required by the oath of office <u>to uphold the constitution and laws</u> of California <u>and as the implied duty</u> <u>when serving as the Presiding Judge of the Superior Court</u>.

\*\*\*

<u>Plaintiffs allege # 4</u>: That, as a fourth cause of action, failure and neglect of Administrative Director and members of the Judicial Council caused plaintiffs

5

great harm and financial loss by being denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of California and as guaranteed by Amendment VII of the U.S. Constitution (i.e., guaranteed right to a jury trial) when judge abused Judicial Discretion when ruling that case could not proceed based exclusion under Code of Civil Procedure section 340.5 for which <u>case law is the well established rule of law</u> and over ruled another judge in the previous ruling on the same issue when <u>previously raised by defendant's counsel</u>.

***

<u>Plaintiffs Allege #5</u>: That, as a fifth cause of action, failure and neglect of Administrative Director and members of the Judicial Council caused plaintiffs great harm and financial loss by being denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of California and as guaranteed by Amendment VII of the U.S. Constitution the <u>guaranteed right to a Jury Trial</u> when the judge abused inherent and statutory duty to exercise Judicial Discretion but refused to grant judgment based on Plaintiff's <u>Motion for Judgment Based on the Pleadings / Alternatively Summary Adjudication</u> filed December 29, 2006 <u>after</u> Counsel had refused to provide verified answers to interrogatories <u>after</u> being ordered by the court to do so in November 2006.

***

<u>Plaintiffs Allege #6</u>: That, as a sixth cause of action, failure and neglect of Administrative Director and members of the Judicial Council caused plaintiffs great harm and financial loss when denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of California and as guaranteed by Amendment VII of the U.S. Constitution the <u>guaranteed right to a Jury Trial</u> when the judge abused inherent and statutory duty to exercise Judicial Discretion <u>when granting objections to written deposition</u> based on an incomplete and untimely objections intended by Counsel to deny answers during discovery to which plaintiffs were entitled and were essential to supported Plaintiff's case during trial.

6

## CAUSES OF ACTION
## PART 2

<u>Plaintiffs Allege #7</u>: That, as seventh cause of action, failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or have the appearance of providing favorable treatment for parties represented by attorneys [such as a rule of the Superior Court of Yolo County where plaintiff unable to retain services of an attorney was required each time in each courtroom to wait until all other *supposedly more important matters* were heard first (<u>i.e.</u>, not unlike being asked to sit at the back of a bus), while the court conducted other business - and was something that in this case might have become life threatening because of plaintiff Ross Shade's duties as a caregiver, and plaintiff Mary Shade's physical condition requiring assistance in essential activities of life).

***

<u>Plaintiffs Allege #8</u>: That, as eighth cause of action, failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing the judges of the Superior Court of the County of Yolo to allow proceedings in <u>seven cases in which a bank is shown as the plaintiff</u> when court <u>knew or should have known</u> that Debt Collector Law Firms and an unknown party <u>were perpetrating fraud</u> as set forth in Penal Code Section 182(a), (<u>i.e.</u>, where debt buyers <u>in whose names cases should have been shown as plaintiff</u> instead falsely made use of a bank's name as *plaintiff*), thus have falsely and maliciously filed a lawsuit intended to cheat and defraud persons of any property by means that are in themselves criminal or <u>to obtain money by false pretenses with fraudulent intent</u>.

***

<u>Plaintiffs Allege #9</u>: That as ninth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures resulting in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or appearance thereof, when officers and directors of banks had no actual or constructive notice that their banks were parties in lawsuits against plaintiff in which fraudulently claiming to be the real party in interest when in fact this was false and was a part of a widespread scheme in violation of state and federal statutes concerning fraud and in a manner which is by definition *racketeering*.

***

<u>Plaintiffs Allege #10</u>  That as tenth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or had the appearance thereof when the judges of the Superior Court of the County of Yolo <u>awarded one judgment</u> to which there is under California Law no appeal to other than an "Appellate Division" made up of judges of the same court that issued the judgment and although the U.S. Supreme Court refused to rule, question is open as to the Judicial Council.

***

<u>Plaintiffs Allege #11</u>: That as eleventh cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as

set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or had the appearance thereof when the judges of the Superior Court of the County of Yolo awarded <u>four</u> judgments where Plaintiff then filed an appeal, <u>which have never been heard by the Appellant Division</u> as the Clerk of the Appellant Division was instructed not to prepare the Clerk's Transcript in of the cases and Plaintiff persisted by petitioning the Appellant Division so as to show that appeals for these four cases had not been abandoned.

***

<u>Plaintiffs Allege #12</u>:  That as the twelfth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or had the appearance thereof when the judges of the Superior Court of the County of Yolo refused to provide instruction as to what would be required to file when no Clerks Transcript had been provided when Plaintiff filed writs in four cases in which requested asked for instruction because, although constitutional amendment required (i.e. Prop 48) Judicial Council had failed to provide instructions to the Appellant Division of the Superior Courts.

***

<u>Plaintiffs Allege #13</u>:  That as the thirteenth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or had the appearance thereof when the judges of the Superior Court of the County of Yolo refused to provide instruction as to what would be required to file when no

Clerks Transcript had been provided when Plaintiff filed writs in four cases in which requested asked for instruction because, although constitutional amendment required (i.e., Prop 48) Judicial Council to provide instructions Superior Court had failed to follow the instructions as they pertained to the Appellant Division of the Superior Courts.

***

Plaintiffs Allege #14:  That as the twelfth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in Plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or had the appearance thereof when the judges of the Superior Court of the County of Yolo had no experience implementing the constitutional amendment (i.e., Prop 48), and should have of its own volition transferred the case to higher court better able to hear complex litigation dealing with the operations of financial institutions, secondary markets for sale of financial instruments and creation of investment securities used as collateral for asset backed securities and would have been better able to determine when a judge in a superior court should take judicial notice of facts or consult an expert.

***

Plaintiffs Allege #15: That as fifteenth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that resulted in plaintiffs and others in the same class being denied <u>equal protection of the laws</u> as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California when in six cases (in which banks were supposedly were suing plaintiff) and Court applied rules applicable only to those defendants in which debt collection was for amounts

where financial interests happen to be less that $25,000 (i.e., which is unequal justice in civil cases having no reason other for to benefit debt collectors and resulting in abuse in cases where Court has also (as herein) allowed complaints not signed by an officer of the corporation (i.e., required by section 446 of California Code of Civil Procedure) and when facts also show violation of the Fair Debt Collection Practices (i.e., requiring verification by the supposed bank for which debt collectors are *supposedly representing*).

\*\*\*

Plaintiffs Allege #16: That as sixteenth cause of action, failure and neglect of the Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss to plaintiffs and others in the same class by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California or have the appearance thereof; motion was not heard as to three cases when because (as defendant) plaintiff filed a Motion *to Dismiss Based on Judicial Notice of Facts*, but plaintiff mistakenly used a caption that read "*Motion for Judicial Notice of the Facts*" where as the Judge admitted, if facts being presented (i.e., about 150 pages of documents being presented for each of the three cases) supported the premise that plaintiffs were not the real parties in interest, then the cases of the Debt Collector Law Firms would have to be dismissed.

\*\*\*

Plaintiffs Allege #17: That, as seventeenth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California as where in all cases where plaintiffs were being sued by debt collectors all debt collectors law firms failed to comply with the requirement

11

that they contact creditor and obtain verification or validate the debt and send the debtor a copy.

\*\*\*

Plaintiffs Allege #18: That, as eighteenth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California and that of all the eight cases processed by the Superior Court of the County of Yolo claiming that plaintiff owned money, none of these debt collectors provided valid verification from their client. As an example, when sued by the Bank of America the debt collector provided as proof an document said to have been received from the Bank Of America and which contained a phone number that when called it was discovered to be from OSI Collection Services and not from Bank of America and was a scheme injurious to public morals or to pervert or obstruct justice.

\*\*\*

Plaintiffs Allege #19: That, as nineteenth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by allowing judges of the Superior Court of the County of Yolo to adopt rules and procedures that denied equal protection of the laws as set forth in Article 1 Sec. 7 (a) of the Constitution of State of California and considering that it is the practice of the Superior Court of the County of Yolo to accept all complaints (i.e., perhaps considering it is the role of the advocate for the defendant to file a motion to strike or use whatever other means an experienced attorney might use to prevent the case from going farther), but without a system providing an advocate when one can not be afforded, this only encourages unscrupulous attorneys to abuse of the judicial process with

rampant violation of sections 6128 and 6129 of California Business and Professions Code and racketeering.

\*\*\*

<u>Plaintiffs Allege #20</u>: That, as twentieth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss by fostering litigation by debt collectors after being informed of the circumstances was unconscionable and that the consideration of these circumstances by Superior Court of the County of Yolo was equally unconscionable so that, as provided by California Civil Code Section 3345, this court might award costs and triple the amount of damages as exemplary damages.

\*\*\*

<u>Plaintiffs Allege #21</u>: That, as twenty-first cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss and that courts have allowed debt collection attorneys to obtain preferences in the Superior Court of the County of Yolo and <u>perhaps most all Superior Courts</u> so that these attorneys taking advantage of the fact that senior citizens are unable to pay a consumer debt they will also be unable to find an attorney, will be unable to declare bankruptcy and that every judgment will eventually be collected when, according to the scheme, the lien on their homes will be paid when home is sold (i.e., when at that time the defense that the court *did not have subject matter jurisdiction* will be forgotten).

<u>Plaintiffs Allege #22</u>: That, as twenty-second cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss (<u>i.e.</u>, that failure and neglect of the Judicial Council to develop civil justice has fostered a collection industry based on harassment, trickery and outright fraud that has grown to the point that predatory attorneys far outnumber those who are willing to assist

persons who are unable to find an advocate to assist in this State's *advocate driven* judicial system).

\*\*\*

Plaintiffs Allege #23: That, as twenty-third cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss in that *Judicial Council* represents a strong *self interest of its members who are attorneys* thus failing to represent the interests of *the people* of the State of California (i.e., have acted to preserve the status quo within the advocate driven advocacy system that fails to provide a knowledgeable attorney to defend in civil cases.

\*\*\*

Plaintiff Allege #24: That, as twenty-forth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss in that the Superior Court of the County of Yolo, according to a report by the Administrative Office of the Courts, workload in 2007 required about 16 judges, a 22% increase from 2004 but has only nine judges and two commissioners (one part time) and one referee to handle that workload.

\*\*\*

Plaintiff Allege #25: That, a twenty-fifth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss in that the judges of the Superior Court of the County of Yolo elect one of their group to act as *presiding judge* to fulfill duties of guiding the activities of the court (i.e., California Rule of Court 6.603) who *has little experience as a judge* and who *serves as presiding judge* for only one or two years (i.e., so that instead of being responsible for leading is being included in a group of judges *working together* without any real leadership based on experience and ability to lead the group much as if based on cronyism rather leadership skills.

\*\*\*

Plaintiff Allege #26: That, a twenty-sixth cause of action, that failure and neglect of Administrative Director and members of the Judicial Council have caused grave physical and emotional harm and financial loss in that the Superior Court of the County of Yolo has, without taking judicial notice to facts as required by the Evidence Code Section 451 - 460 made based on bias instead of facts (i.e., wherein it would be impossible to even prove the that our world is not the center of the universe or that the earth is not flat without judicial notice of facts).

\*\*\*

Plaintiff Allege #27: That, as a twenty-seventh cause of action, judges of the Superior Court of the County of Yolo base their decisions on an advocate meeting the *burden of persuasion* without considering *facts or law* and refusing to use judicial discretion to provide justice which when coupled with the inequity of what are *limited cases* (i.e., amounts under $25,000) there is lack of justice per se), and the provisions establishing the limited cases and the Appellant Division of the Superior Courts are violation rights guaranteed by Section 1 of Amendment XIV of the U.S. Constitution, (not excluded by Amendment VII) and violates plaintiff's rights under Article 1 Section 7 (b) of California Constitution.

## CONCLUSION

Because of a wide-open (*unregulated*) market for debts as a means of providing collateral for asset-backed securities of doubtful value (and in prior years sold overseas), has resulted in debt buyers becoming rich while older citizens, who are their victims find the oppression they face is as threatening as the criminal court and the jailor.

15

## PRAYER FOR RELIEF

Plaintiffs allege as compensatory are $4,000,000 and asks that *exemplary damages* as may be determined by judge or jury.

Figures showing the extent to which the lives of thousands of people were affected are evidenced by (in November 2006 settlement) Federal Trade Commission v. Capital Acquisitions & Management Corp (i.e. CAMCO), , RM Financial Services, Capital Properties Holdings, Caribbean Asset Management Ltd. and nine individuals presumably sharing the ill-gotten gains of this CAMCO violations of the Fair Debt Collection Practices Act where the FTC, after assessing penalties proceeded (in January 2005) to sell to the highest bidder the 1.75 billion portfolio of consumer receivable accounts that the that company had previously purchased and worked to collect. Capital Acquisitions & Management Corp attended each of the yearly trade shows of the Debt Buyers Association in Las Vegas. The Superior Court of the County of Yolo should not have granted judgments when plaintiff was sued and should have denied the defendant's Motion for Summary Judgment when plaintiffs sued to recover damages for the failure to protect elderly patient from physical harm.

## VERIFICATION

We, Ross Shade and Mary C. Shade, are the plaintiffs in this case, have prepared the foregoing COMPLAINT, and know the contents thereof based on our own knowledge. If asked to testify as to the matters contained therein we would do so and do now declare under penalty of perjury under the laws of California that the foregoing information is true and correct and that this declaration is signed in the County of Yolo on this __18__ day of __MAY__ 2008

_____           _____
Ross Shade                                        Mary C. Shade

16