United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS S. SHADE et al., | No. C 08-2563 JL |
| Plaintiffs, | |
| v. | **REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION** |
| JUDICIAL COUNCIL OF CALIFORNIA, et al., | |
| Defendants. | |
| _____/ | |

## Introduction

Plaintiffs Ross S. Shade and Mary Shade filed applications to file their complaint in forma pauperis ("IFP") pursuant to 28 U.S.C. §1915.

## Legal Standard

### Indigence Requirements of 28 U.S.C. §1914

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). In the alternative, "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1914(a). The court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* at § 1915(e)(2). This allows the court

to review prior to service all claims brought pursuant to section 1914(d) and dismiss those claims that are frivolous or malicious.

Both Mr. And Mrs. Shade are unemployed and their only income is from Social Security benefits. They have no significant assets. Accordingly, the Court finds that they are indigent, and satisfy this prong of the requirement for filing IFP.

### Court must construe complaint liberally

Plaintiffs filed their complaint pro se, without the assistance of an attorney. This is also the *gravamen* of much of their complaint, that they were not afforded counsel in state court, and that the court treated them less favorably than parties who were represented by counsel. As such, their pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### Court must dismiss frivolous claims

The district court may deny in forma pauperis status and even where the filing fee is paid dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory, see, e.g., *Lopez v. G.A.Smith*, 203 F.3d 1122, 1126 (9th Cir.2000); *Cruz v. Gomez, I/O*, 202 F.3d 593, 596 (2dCir. 2000)).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under *Neitzke* and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (also found superseded in that dismissal was within discretion of district court under section 1915(d) and now, under section 1915(e)(2)

dismissal is mandatory, see *Cruz v. Gomez*, 202 F.3d at 596). If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See *Cato v. United States*, 70 F.3d at 1106.

### Effect of section 1915(e) final dismissal

Because a section 1915(e) final dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton*, 112 S. Ct. at 1734. It could have a res judicata effect on frivolousness determinations for future IFP petitions, however. *Id.* The court may therefore dismiss under section 1915(e)(2) with prejudice to plaintiff reasserting the same claims in another unpaid complaint.

### Application of Law to Facts of This Case

Plaintiffs are husband and wife, seniors, and homeowners or former homeowners, who were unable to pay a consumer debt, were taken to court by a debt collector, and apparently lost the lawsuit and possibly their home. In their 21st cause of action, for example, they contend that debt collection attorneys take advantage of "the fact that [when] senior citizens are unable to pay a consumer debt they will also be unable to find an attorney, will be unable to declare bankruptcy and that every judgement will eventually be collected when, according to the scheme, the lien on their homes will be paid when home is sold . . .." (Complaint, ¶21)

They filed a complaint in this district, alleging 27 causes of action against the Judicial Council of California, for its failure to supervise the judges of the Superior Court of Yolo County. Plaintiffs alleged that those judges violated their rights under the Constitution of the State of California and under California Penal Code §135 by falsifying court records, and violated their right to jury trial, under the Seventh Amendment to the U.S. Constitution, by issuing rulings that terminated the case in favor of their opponents.

They claim that a clerk lost their filings and that this contributed to their losing their case. They claim an attorney told them he wouldn't take their case or any other case before the Yolo County Superior Court, because that court was "something else."

They complain they have suffered "grave harm and financial loss" due to the "failure and neglect" of the Administrative Director and members of the Judicial Council to investigate and rectify the errors of the Superior Court judges. They catalogue the judges' and the Judicial Council's wrongdoings as:

1. Granting a motion for summary judgment (presumably against the Plaintiffs;
2. Granting judgment for defendant;
4. Ruling that their case could not proceed;
5. Refusing to grant judgment based on Plaintiff's motion for summary judgment;
6. Granting objections to a written deposition;
7. Providing favorable treatment for parties represented by attorneys;
8. Allowing proceedings in eight cases where bank was plaintiff, when others were fraudulently using a bank's name to perpetrate fraud;
9. Adopting rules and procedures that permitted officers and directors of banks to have no constructive notice that their banks were parties in lawsuits.
10. Awarding a judgment of which the appeal was to the Appellate Division of the Superior Court;
11. Failing to hear appeals of four judgments and instructing the Clerk of the Appellate Division not to prepare the Clerk's Transcripts in those cases;
12. Refusing to provide instructions as to what was to be filed when no Clerk's Transcript had been filed;
13. Appears to be a duplicate of 12;
14. Failing to transfer their case to a higher court better able to hear complex litigation dealing with financial institutions;
15. Applying rules applicable to defendants in which debt collection was for amounts less than $25,000.
16. Not hearing a motion to dismiss because Plaintiffs had miscaptioned it as a motion for judicial notice;

17. Failing to enforce a requirement that a debt collector obtain verification or validate the debt and send the debtor a copy;

18. Failing to enforce the requirement that debt collectors provide verification and permitting debt collectors to masquerade as banks;

19. Not providing attorneys to parties like Plaintiffs who cannot afford them;

20. Fostering litigation by debt collectors;

21. Allowing debt collection attorneys to obtain preference in Yolo County Superior Court and "perhaps most all Superior Courts;"

22. Fostering a collection industry based on harassment, trickery, and outright fraud;

23. Representing the interests of its members who are attorneys, thus failing to represent the interests of the people of the State of California;

24. Understaffing the Yolo County Superior Court;

25. Permitting election of an inexperienced judge as Presiding Judge of the Yolo County Superior Court;

26. Making [decisions] based on bias rather than facts;

27. Basing their decisions on an "advocate meeting the burden of persuasion without considering facts or law."

**Analysis**

Plaintiffs are indigent, and therefore satisfy that prong of the requirement for filing IFP under 18 U.S.C. §1915. However, their IFP application should be denied and their complaint dismissed prior to service because there is no possible basis for federal jurisdiction and the complaint is therefore legally frivolous. Plaintiffs assert claims under the California Constitution and California statutes. They seek redress against the Judicial Council, a California government entity, which enjoys sovereign immunity under the Eleventh Amendment. They also seek redress against individual judges, based on their rulings, for which the judges enjoy judicial immunity. See *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir.2001) (explaining that "absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges

may on occasion be assigned to perform" but that "[r]uling on a motion is a normal judicial function"). Plaintiffs claim that the judges' rulings violated their right to jury trial under the Seventh Amendment to the U.S. Constitution, the only potential federal claim. This claim cannot be brought against the judges, due to judicial immunity for claims arising from their rulings. Therefore there is no possible federal jurisdiction in this case.

For all these reasons, this Court would deny the application to file in forma pauperis and dismiss Plaintiffs' complaint prior to service on the basis that it is legally frivolous. However, Plaintiffs have not consented to this Court's jurisdiction, as required by 28 U.S.C. §636(c) and *Tripati v. Rison,* 847 F.2d 548 (9th Cir. 1988) (holding that magistrate judge may not deny IFP, without consent of the parties).

Accordingly, this Court refers the case for reassignment to a district court judge, and recommends that the IFP application be denied, and the complaint dismissed prior to service of process.

DATED: June 5, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-2563\Ref-Reassign.wpd