Ross Shade and Mary C. Shade
26 Gibson Rd
Woodland, CA 95695
Tel. 530-666-4817 .



FILED

JUN 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF CALIFORNIA

ROSS S. SHADE and MARY C. SHADE )
    Plaintiffs )
vs. )
  )
  )
JUDICIAL COUNCIL OF THE STATE OF )
CALIFORNIA, STATE OF CALIFORNIA )
ARNOLD SCHWARZENEGGER, in his official )
capacity as Governor of  STATE OF CALIFORNIA, )
RONALD M. GEORGE, in his official capacity as )
Chair of JUDICIAL COUNCIL, and: )
MARVIN R. BAXTER, BRAD R. HILL, )
EILEEN C. MOORE, RICHARD D HUFFMAN, )
GEORGE J. ABDALLAH, JR., )
THOMAS M. MADDOCK, PETER R. ESPINOZA, )
CHARLES W. McCOY JR., TERRY B FRIEDMAN, )
BARBARA J. MILLER, JAMIE A. JACOBS-MAY, )
DENNIS E. MURRAY, CAROLYN B. KUHL, )
JAMES MICHAEL WELCH, ELLEN M. CORBETT, )
DAVE JONES, RAYMOND G. ARAGON, )
THOMAS V. GIRARDI, ANTHONY P. CAPOZZI, )
BARBARA J. PARKER, RONALD E. ALBERS, )
MICHAEL M. RODDY, DEENA FAWCETT, )
NANCY WIEBEN STOCK, IRA R. KAUFMAN, )
SHAROL STRICKLAND, and )
MICHAEL D. PLANET in their official capacities )
as members of the Judicial Council; and )
WILLIAM C. VICKERY in his capacity )
as Administrative Director of the Courts, )
SUPERIOR COURT OF THE COUNTY OF YOLO, )
STEPHEN L MOCK, and DAVID ROSENBERG, )
in their capacity as presiding judge of Yolo County )
Does 1 - 100 _____/

CASE NO. No. C 08-2563 cw

AMENDED
COMPLAINT

1

## INTRODUCTION

Ross Shade and Mary C. Shade, hereinafter *Plaintiffs*, are residents of the State of California, members of the class whose rights under the U.S. Constitution or statute derived from section 1 of the Ku Klux Act April 20, 1871 and have been abridged by, but not limited to, new provisions of the California Constitution that violate their rights under the U.S. Constitution and with Section 7 Article 1 Declaration of Rights of the California Constitution. Furthermore, the State of California, Judicial Council of California, Superior Court of the County of Yolo, and others are herein being charged with failure to enforce laws protecting their rights under the statute for which damages are being sought for violation of their rights under the Fourteenth Amendment, their right to trial as guaranteed by the Seventh Amendment of the U.S. Constitution. Monroe v Pape, 365 U.S. 167 (1961).

Plaintiff Mary C. Shade is disabled and needs assistance to perform what others can do for themselves. Ross Shade acts as a caregiver. During course of the litigation plaintiffs were deprived of their rights under Title II of the Americans with Disabilities Act, section 504

Failure of the Superior Court of the County of Yolo has caused plaintiff great harm both physically and financially. ("Economic imprisonment can affect one's freedom every bit as much as the criminal process" [1] )

New provisions of the California Constitution as a result of Proposition 48 are ambivalent to section 7 Article 1 of Declaration of Rights of California Constitution and resulted only because voters were told it was necessary (i.e., Proposition 220 had by then been approved by all counties). The official voters Guide explained that "...and what remains to be done is the removal of obsolete language in the state constitution that makes references to the no longer existing municipal courts", which was not true. Prop 48 established the limited cases where

---

[1]   "Why Justice Fails" by Whitney North Seymour, Jr., William Morrow & Co. 1973 with introduction by Nicholas DeB Katzenback, former U.S. Attorney General. Page 51.

all parties with interest of less than $25,000 have lesser rights than those with *more important* interests.

## APPLICABILITY / JURISDICTION / IMMUNITY

The State of California is included here to the extent that it is responsible for payments of all debts of the State and because of great harm caused by including provisions of Proposition #48 as part of the California Constitution which violate the Fourteenth Amendment of the U.S. Constitution.

***

The *members* of the *Judicial Council* are included herein based on their official capacities as set forth in <u>Article 6 Section VI subsection (c)</u> of the California Constitution (i.e., those who *appoint* the <u>Administrative Director of the Courts</u>). <u>Power to appoint</u> is *tantamount to controlling* and *directing* as to performance of duty to; (a) *improve administration of justice, practice, and procedures*, (b) other functions prescribed by statute, and (c) being assured that the rules adopted shall not be inconsistent with statute as set forth in subsection of Article 6 of the California Constitution. <u>These are not judicial duties</u> <u>and not protected</u> by judicial immunity. <u>Forrester v. White, 484 U.S. 219, 227 (1988)</u>

Furthermore, failure to act to assure parties their rights to equal protection was the purpose of enacting law derived from the "Ku Klux Act" of 1871 to afford right in federal courts because, by reason of prejudice, passion, neglect, intolerance, or otherwise, state laws were not being enforced by people who were following their own rules denying claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment (<u>i.e.</u> by law enforcement and courts). No specific intent to a person of a federal right is required. Monroe v. Pape 365 U.S. 167 (1961)

The Administrative Director serves at the pleasure of *Judicial Council* and performs functions <u>delegated</u> by the *Council and is responsible for non-judicial* action of the Courts. The Administrative Director and Chief Justice are included

3

here only to the extent and in such capacities as are not otherwise protected by judicial immunity. Forrester v. White (*supra*).

The Superior Court of the County of Yolo is included based on its vicarious liability pertaining to non-judicial acts of Presiding judges and others that have deprived Plaintiffs' rights guaranteed by the U.S. and California Constitutions.

Presiding judges of the Superior Court (per California Rules of Court Rule 6.603) are responsible for *administrative* duties (i.e. leading the court, establishing policies, and allocating resources). Forrester v White (*supra*) Policies intended to deprive parties of their rights based on their being debtors against whom debt collectors have filed lawsuits would be violating the section 1979 whether they are the presiding judges or others by reason of prejudice, passion, neglect, intolerance, or otherwise and would be accountable for damages in civil action.

***

Does 1-100 are intended to include judges where facts show their non-judicial acts violated constitutional rights of the plaintiffs.

***

Plaintiffs allege herein that the *Judicial Council* has failed in its *duty* to *oversee* the *Judicial System and operations* and has failed to act to protect and provide justice for Plaintiffs, and has in the past *failed to provide justice* for the poor and disadvantaged in civil court such that is claimed that there is no civil justice for a large portion of the citizens of this State. Civil action in which the Judicial Council is held accountable is allowed as to non-judicial acts. Monroe v. Pape 1961) 365 U.S. 167.

## HISTORY RESULTING IN THIS LITIGATION

1. Mary C. Shade has been deprived of her ability to care for herself, loss of social and family interaction, loss of self esteem, and suffers pain and distress each day. She was convalescing from an illness in a convalescent hospital when an accident occurred in May 2003. Ross Shade has been deprived of his own time,

costs for litigation and other expenses that started in Sept. 2003 (i.e., when it became necessary to provide care for Mary C. Shade). This was difficult and was made even more so when it became necessary to defend against parties claiming to be the owners of credit card account balances (but did not own the account balance). They are *debt buyers* and have falsely claimed to own the account balances of credit card holders sued <u>but did not sue in their own names</u>. This is *fraud* (California Penal Code section 186.2)

Plaintiffs sued the convalescent hospital wherein the Superior Court of Yolo County first held that the lawsuit was timely, but a Motion for Summary Judgment was granted based (1) that it was not timely and (2) that plaintiffs had failed to show there was an Undisputed Material Fact. A subsequent examination of the court's case file showed that plaintiffs' timely filed Opposing Papers to the Motion <u>had become *missing*</u> from the file but that information in the file showed that this fact was known to clerks of the Court. Additional acts of the judge in this case are suspect. Plaintiffs had filed a Motion for Judgment on Pleadings (Alternatively Summary Adjudication) prior to when defendant had filed a Motion for Summary Judgment that the Court granted July 3, 2007. The same judge consistently refused to take judicial notice of facts in the cases filed by Debt Collector Law Firms (i.e. as defined, these are subject to the Fair Debt Collection Practices Act).

These Debt Collector Law Firms file hundreds of cases (and pay fees) where over 90% of the cases result in default judgments. The judge appears to have (of his own volition) granted counsel for the Convalescent Hospital permission to file an Amended Answer to Complaint which *answer* had already been prepared as well as filed <u>a new motion for Summary Judgment</u> that was granted a few months later before additional discovery could be obtained.

***

2.     In order to avoid this litigation in this U.S. District Court plaintiffs <u>attempted to contact</u> the *Chief Justice* in his capacity as *Chair of the Judicial*

*Council*, seeking investigation of acts and misdeeds of *Superior Court* of the County of Yolo. Misdeeds include the <u>loss or removal of pleadings including an Answer to Motion for Summary Judgment and supporting pleadings filed with that Answer</u>. The absence of these records resulted in court granting a <u>Motion for Summary Judgment</u> and <u>thus the denial of right to a jury trial under the Seventh Amendment</u>. Response to plaintiffs request to the Chief Justice for investigation was instead a reply from the <u>*General Counsel*</u> who stated that the *Judicial Council* is "... not authorized to supervise *judges and are not responsible for the Administrative Directors' failure to supervise and control the court"*, <u>to which plaintiffs strongly disagree</u>.

***

.3.    Plaintiff had also requested that the presiding judges investigate the loss or removal of files from Court's records. After being asked <u>Presiding Judges </u>failed to investigate and <u>explain the lost of the records</u>.

***

## CAUSES OF ACTION
### (*Based on the above plaintiffs now allege following*)

<u>Plaintiffs allege #1</u>: Plaintiffs are residents of the State of California and are members of a class that have been deprived of equal rights guaranteed by the Fourteenth Amendment and Seventh Amendment of the U.S. Constitution.

***

<u>Plaintiffs allege #2</u>:  Plaintiffs are at or about 80 years of age.

***

<u>Plaintiffs allege #3</u>:  Plaintiff Mary C. Shade is disabled, requires oxygen, and unable to leave home without oxygen and assistance, unable to walk more than short distances.

***

<u>Plaintiffs allege #4</u>:  Plaintiff Ross Shade is dyslexic and handicapped in that unable to hear the range of sounds that would allow understanding words so that understanding the meaning of what is being said is not always possible without being able to interrupt the speaker, ask person to repeat what was said or to control the rate of speech in order to understand.

***

<u>Plaintiffs allege #5</u>: Plaintiff Mary C. Shade suffered an injury in May 2003 while a patient at the convalescent hospital owned by United Health Systems Inc. against whom a lawsuit was filed in May 2006 in which Mary Shade and Ross Shade are co-plaintiffs. .

***

<u>Plaintiffs allege #6</u>: During the litigation against the United Health Systems Inc. plaintiffs filed a Motion for Judgment on the Pleadings / Alternatively Summary Adjudication a few days <u>prior to</u> when Defendant filed a Motion for Summary Judgment as to (only) Mary Shade and that court granted counsel 30 days to file an amended answer to the complaint, without ruling on Plaintiffs' motion so that counsel could then file another Motion for Summary Judgment as to Mary Shade that was then granted but based on absence of plaintiffs' Answer to Motion, Statement of Undisputed Material Facts and declarations opposing the motion all *got lost* and thus not considered by the court when granting Summary Judgment.

***

<u>Plaintiffs allege #7</u>: Prior to 2003 Ross Shade was involved in various business ventures including Sacramento Area Venture Capital Network, Bakerham Real Estate Co., The Addexton Company was on the Board of Directors of Hygenaire Corporation, and had engaged in fundraising for Thirty Nine Plus Employment and Capital Network and in years prior to 1990 was the founding partner of R. Shade & Co in San Francisco, a Partner of Lindquist Van Husen & Joyce, former partner of one of the largest international CPA Firms, taught accounting at the John F. Kennedy University, had written audit guides for California Housing

Finance Agency, and helped many businesses get established and whose clients included attorneys, law firms and judges, was a member of the AICPA and State Society of CPAs serving on many committees. Besides degrees from the University of California, received degree from University of San Francisco Law School. Just before being required to become a care giver was working with a company that was developing new systems for solar energy while workers installed roof panels in the Sacramento Area and hoped to again be able to prepare and file the papers necessary to sell stock in a small business public offering.

\*\*\*

Plaintiffs allege #8: In 2004, 2005, and 2006 Plaintiff Ross Shade was no longer able to pay amounts outstanding on credit card accounts that, based on assets and future income would have been paid as they had been in prior years.

\*\*\*

Plaintiffs allege #9: From 2004 until 2006 debt collection law suits were filed in which Ross Shade was the defendant to which answers were filed denying that the *plaintiff* was the one entitled to payment as, *based on information and based on prior knowledge and experience* it was understood that the debt collector law firms were not the real parties in interest and no facts were stated that explained how the debt buyers were entitled to payment.

\*\*\*

Plaintiffs allege #10: From 2004 to 2006 three *debt collector law firms* filed <u>seven</u> debt collection law suits against Ross Shade and another was filed by another debt collector law firm who were each subject to provisions of the federal Fair Debt Collection Practices Act (FDCPA) .

\*\*\*

Plaintiffs allege #11: Each of the four debt collector law firms <u>failed to provide</u> the information required by FDCPA. .

\*\*\*

Plaintiffs allege #12: When plaintiff submitted information (including copies of all correspondence received prior to when the Debt Collector Law Firms filed their complaint to the Bureau of Consumer Protection of the Federal Trade Commission, each was examined and recorded as violations of the FDCPA but Bureau's practice is to not take action unless substantial numbers of complaint are received that affect a large number consumers (i.e., only then does the FTC take any form of action against the Debt Collector Law Firms so that it is up to the U.S. District Courts or State Superior Courts to enforce the FDCPA if the consumers who are unable to pay consumer debt elects to file a civil action.

***

Plaintiffs allege #13: The amount of trading in the market places for the buying and selling of portfolios containing large numbers of what are supposedly *consumer debts* has resulted in huge numbers of debt collectors and subject to great abuse of persons of which Debt Collector Law Firms select the most vulnerable such as senior citizens who own their homes and are unlikely to be able to retain any advocate in a advocate driven judicial system.

***

Plaintiffs allege #14: Plaintiffs requested the Chief Justice for an investigation of the loss of records in a case where the court had granted opposing party a Summary Judgment, but which request was rejected because Judicial Council is "*not authorized to supervise judges and are not responsible for the Administrative Directors failure to supervise and control the court*".

***

Plaintiffs allege #15: The Superior Court of the County of Yolo was responsible for the absence of records from the case file of Shade v. United Health Systems Inc. based on doctrine of *respondeat superior* (which would not be applicable to municipalities but would apply here).

***

9

<u>Plaintiffs allege #16</u>: The loss of records by a court is not a judicial act to which any form of immunity would apply.

***

<u>Plaintiffs allege #17</u>: Plaintiffs requested the presiding judges investigate the loss or removal of files from the Court's records as pertained to subject case. (*supra*) but reply spoke of bias instead of who was responsible for loss of the records.

***

<u>Plaintiffs allege #18</u>  That <u>Article 6 Section VI subsection (c) of the California Constitution</u> providing that the Judicial Counsel has the right to appoint the Administrative Director the Judicial Council is responsible and have the duty *to improve administrative of justice, practice and procedures and other functions prescribed by statute and be assured that the rules adopted shall not be inconsistent with the statute* and are not *judicial duties* and <u>not protected by judicial immunity.</u>

***

<u>Plaintiffs allege #19</u>: As a result of approval by voters of provisions in Proposition #48 contents became a part of the California Constitution that established *limited rights that are lesser than those of other civil actions where the matter involves more than $25,000.*

***

<u>Plaintiffs allege #20</u>: As a result of the provisions added to the California Constitution a new reviewing court has been established and although separate limited courts are common, none are courts established to review the decisions of the Superior Court or any other court where the judges of the reviewing court are also judges of the court from which the cases being reviewed are also judges of that court.

***

<u>Plaintiffs allege #21</u>: That in the Superior Court of Yolo County with only 10 judges it is not possible for judges reviewing decisions of their family of judges to

be independent and impossible to review cases based on the rules requiring reviewing judge *shall have no prior knowledge of the case being reviewed* so as not to have a preconceived opinion as to the matter being reviewed and would be unable to not be influenced by the close relationship to the judge whose decision is being reviewed.

***

Plaintiffs allege #22: That Superior Court has deprived plaintiffs' of their right to equal protection of the laws guaranteed by the Fourteenth Amendment by failure to enforce the laws of this State in Court's *administration* of justice, knowingly allowing violations of the <u>U.S. Fair Debt Collection Practices Act</u> and California's statutes so as to allow systemic debt collection by debt buyers in the guise of using the *bank's name* as the plaintiff in order to mislead defendants and others as to the true identity of plaintiffs (i.e., *fraud*). This ignoring the fact that debt collectors are using fraud may be the basis for this civil action as authorized by statute derived from the Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #23: That <u>Superior Court</u> has deprived plaintiffs of equal protection of the laws guaranteed by the Fourteenth Amendment when Superior Court failed to prepare transcripts as required <u>so that Opening Briefs to that court's Appellant Division failed to rule upon four appeals that are after two years still pending before this reviewing court.</u> This type of appeal might be on basis that this civil action is authorized by (R.S. section 1979).

***

Plaintiffs allege #24: That <u>State</u> has deprived plaintiffs of their equal protection of the laws guaranteed by the Fourteenth Amendment because of the passage of Prop 48, approved by voters in 2002 which established a reviewing court in which (in the County of Yolo) failed to hear the *limited cases* (a class) for which Superior

Court has refused to prepare transcripts so that the opening brief may be prepared. This refusing to prepare transcripts may be the basis for this civil action as authorized by Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #25: That Superior Court has deprived plaintiffs of equal protection of the laws by refusing to take judicial notice of the facts without reason other than to dispense with the case based on a set of systematic procedures developed for their own course of action favoring the debt collection law firms (i.e., that file hundreds of cases every year for which they pay statutory fees upon filing, and upon obtaining judgments most of which are by default). The systematic method of dispensing with cases may be the basis for this civil action as authorized by (R.S. section 1979).

***

Plaintiffs allege #26: That Superior Court has deprived plaintiffs of equal protection of the laws by denying a continuance at time of a medical emergency and then refused to examine *in lieu of appearance* verified declarations and 170 pages of information about which Judicial Notice was required but not taken. Such abuse of judicial discretion is the basis for this civil action as authorized by statute derived from Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #27:  That Superior Court has deprived plaintiffs of equal protection of the laws by denying judicial discretion when, because self-represented, was not aware that the proper *caption* would be *Motion to Dismiss / Request for Judicial Notice* and instead was requesting judicial notice with a *caption* that read *Request for Judicial Notice* and (with abuse of discretion) refusing to take judicial notice of the hundreds of pages of authoritative *information* as to facts showing a party was not the *real party in interest, that thereafter resulted in the court granting judgments in three separate cases being heard at the same time and where debt buyers were* attempting to collect debt to

12

which not entitled. This abuse of discretion is basis for civil action as authorized by statute derived from Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #28:  That Superior Court has deprived plaintiff of equal protection of the laws by court disregarding section 1987(b) of the California Code of Civil Procedure that allows a party (after proper notice) to require corporation that is a party to produce an officer of that corporation to provide testimony, thus court proceeded with a trial when an officer of the corporation was not produced by Counsel but who instead produced a low level clerk who had no knowledge of the transactions involved when Bank was required by liquidity requirements to sell loan account balances during a process described in the Uniform Commercial Code Section 8102(a) and called *securitization*.  Ignoring the requirement is the basis for this civil action based on statute derived from Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #29: That Superior Court has deprived plaintiffs of equal protection of the laws and right to a jury trial by the loss by court of the plaintiffs' opposition pleadings to a Motion for Summary Judgment (i.e., (1) Plaintiffs' Answer to a Motion for Summary Judgment (2) Plaintiffs' Statement of Undisputed Material Facts, and (3) Plaintiffs' Declarations in Opposition to Motion for Summary Judgment), and then granting the counsel's Motion for a Summary Judgment and as here is based on statute derived from the Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #30: That Superior Court deprived plaintiffs of equal protection of the laws and right to a jury trial by failure to discover by way of required de novo review, that pleading had become missing from the file as is the basis for this civil action as authorized statute derived from Ku Klux Act (R.S. section 1979).

***

<u>Plaintiffs allege #31</u>: That Superior Court has deprived plaintiffs of equal protection of the laws by (<u>i.e.</u>, presiding Judges) refusing to investigate the circumstances of the loss of Plaintiffs pleadings, the absence of which caused judge to grant a Motion for Summary Judgment based on error and instead presiding judge, according to a scheme, suggested filing a complaint with the Commission on Judicial Performance against the judge without an investigation.

***

<u>Plaintiffs allege #32</u>:  That the Commission on Judicial Performance, although necessary to rid the court of unqualified or corrupt judges has no authority to provide a party suffering from the judges' action compensation or rectify errors and is being used to avoid legal action against the court for bogus or unfair non-judicial acts

***

 <u>Plaintiffs allege #33</u>: That Superior Court has deprived plaintiffs equal protection of the laws by court communicating directly with the office of opposing counsel and without providing notice to plaintiff of those communications or disclose what they concerned (as evidenced by the resulting in fax copies received from the opposing counsel of the missing pleadings, that were being sent from the opposition attorney by fax but that (a) could not be included in the file and (b)not considered by judge as not copies showing the papers had been filed (<u>i.e.</u> as evidenced by the clerk of the court's stamp) These faxed papers were loose in the file but the ruling of the court indicate they were not considered. They show that the court was aware that they were missing.

***

<u>Plaintiffs allege #34</u>: That Superior Court has deprived plaintiffs right to equal protection of the laws and denied plaintiffs' right under <u>Seventh Amendment of the U.S. Constitution</u> by use of a scheme to allow the Court to rule on opposing Counsel's <u>Motion for Summary Judgment as to Mary Shade</u> (<u>without Court first</u>

ruling on plaintiffs' <u>Motion for Judgment on the Pleading / Alternatively Motion</u>
<u>for Summary Adjudication</u>) which had been filed previously.

***

<u>Plaintiffs allege #35</u>: That Superior Court has deprived plaintiffs' right to equal
protection of the laws and <u>Seventh Amendment right to trial by jury</u> by trickery
and in bad faith based on pretext that Counsel was to file an amended Answer to
the Complaint when plaintiff's Motion for Judgment on the Pleading was not
based on failure to file an answer but instead based on declarations, depositions,
medical records and other evidence showing that United Health Systems had in
fact been negligent, and Council's own failure to show Plaintiffs any evidence
showing these were not true. Based on pretext (<u>i.e.</u>, Court engaged or participating
in trickery in bad faith <u>in order to grant opposing party's Motion for Summary</u>
<u>Judgment</u>) and is the basis for this civil action as authorized statute derived from
the Ku Klux Act (R.S. section 1979).

***

<u>Plaintiffs allege #36</u>: That Superior Court has deprived plaintiffs' equal protection
of the laws and violated ADA when, when court took advantage of plaintiff's
disabilities previously made known to the court which are inability to hear some
sounds and understand proceedings in a courtroom that is caused by dyslexia and
affects understanding words resulting in not understanding the meaning of what is
being said [not unlike court encountered by plaintiff in Devall v.County of Kitsap,
260 F.3d 1124, (9th Cir.2001)] including that Court took advantage of this
disability and required plaintiff attend hearing on March 20, 2007 by not posting
a tentative ruling on what was to be a hearing of <u>Plaintiff Motion for Judgment on</u>
<u>the Pleadings Alternatively Motion</u> for <u>Summary Adjudication,</u> but then instead
based on pretext ruled (1) granted the Counsel for the Convalescent Hospital
thirty days in which to file an <u>Amended Answer</u> (2) asked that Plaintiff prepare
and file a document concerning costs as <u>if it had been filed on March 5, 2007,</u> (the
purpose of which was not understood).

15

\*\*\*

Plaintiffs allege #37: That the pretext used was that an amended answer should be filed by Counsel because it would be unfair to not allow the defendant to correct an answer in order to defend against the complaint, but that there was nothing that required the Answer to be amended other than to make it appear that it was proper for the court to allow an amended answer under California Code of Civil Procedure section 438(h)(2)) and this is basis for damages in this civil action as authorized statute derived from the Ku Klux Act (R.S. section 1979).

\*\*\*

Plaintiffs allege #38: That (in regard to not ruling on Motion for Judgment on the Pleadings Alternatively Summary Adjudication) there was a pre-arrangement or scheme in which Counsel was a party, as is evidenced by the fact that, although not otherwise included in pleadings an Amended Answer had already been prepared by counsel and was served at time of the hearing on March 20, 2007 (i.e., without some prearrangement or scheme to not rule on the Motion for Judgment on the Pleadings Alternatively Motion for Summary Adjudication there would have been no reason to (instruct / allow) Counsel to file another Answer other than to allow Counsel to file a new Motion for Summary Judgment as to Mary Shade, which happened a few days latter.

\*\*\*

Plaintiffs allege #39: That Counsel would not have already prepared the amended answer as answer that had been filed was not defective except to dispense with the Motion for Judgment on the Pleadings but with oral ruling and instructions the court took advantage of fact Plaintiffs are disadvantaged and handicapped by not being able to understand everything that was happening during the hearing so that objection could be entered and perhaps a petition for writ of mandate might have been filed to abort this scheme and these acts are the basis for this civil action as authorized statute derived from the Ku Klux Act (R.S. section 1979).

\*\*\*

16

<u>Plaintiffs allege #40</u>: That Superior Court deprived Plaintiffs' right to equal protection of the laws when refused to grant a default judgment when defendant failed to answer Plaintiffs First Amended Complaint and is the basis for this civil action as authorized statute derived from the Ku Klux Act (R.S. section 1979).

\*\*\*

<u>Plaintiffs allege #41</u>: That Superior Court has deprived Plaintiffs' right to equal protection of the laws and right to trial by jury when opposing party's objections to questions to a written deposition were sustained even when those objections failed to provide a verbatim copy of the questions including the subpoenaed documents to which questions referred including information shown in Medical Records and that Court's ruling was with intent to deprive Plaintiffs with information that would otherwise have to be presented at trial by an expert at great expense and is the basis for this civil action as authorized by statute derived from the Ku Klux Act (R.S. section 1979).

\*\*\*

<u>Plaintiffs allege #42</u>: That Superior Court has deprived Plaintiffs' right to equal protection of the laws when Court granted <u>Motion for Summary Judgment as to Mary Shade</u>, filed by <u>counsel who failed to provide any declarations, affidavits and any other evidence as could reasonably have supported the Motion in accordance with California Code of Civil Procedure section 347c.</u> and is the basis for this civil action as authorized by statute derived from the Ku Klux Act (R.S. section 1979).

\*\*\*

<u>Plaintiffs allege #43</u>: That Superior Court has deprived Plaintiffs' right to equal protection of the laws and right to trial by jury by what is a scheme for a systematic processing of all debt collection cases the same so that only when, after judge have assisted Counsel at the date provided for trial and then put trial over to another date and then when Counsel returned and had failed to follow the Court's instruction was the debt collection case dismissed but without sanctions in even

17

when Counsel has used bogus address to prevent service of subpoena and that this assisting the debt collector law firm is a basis for this civil action as authorized statute derived from the Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #44: That Superior Court has deprived Plaintiffs' of right to equal protection of the laws when (in case other than that above) the Court put trial over to a new date when *falsified documents* had been presented and plaintiffs had engaged an investigator to testify (as falsified documents) and that counsel had again used a bogus address that prevented service of a subpoena to call a witness at trial and that the Court's failure to impose sanctions and reporting use of falsified documents to the Bar Association are basis for this civil action as authorized by statue derived from the Ku Klux Act (R.S. section 1979).

***

Plaintiffs allege #45: That Judicial Council is vicariously liable for the actions of the Administrative Director and others not engaged in judicial operations of the Courts including judges such as breach of ethical standards resulting in damages.

***

Plaintiffs allege #46: That judges of the Superior Court have acted based on a personal aversion, extreme repugnance, and rejection of persons who are older, as is known as ageism that is similar to the racism that made passage of Ku Klux Klan Act necessary in 1871. When Plaintiff objected to the Court instructing the attorney about what he should bring with him when trial was resumed, the response is one that reveals what appears to be ageism and is the basis for this civil action based on statute derived from the Ku Klux Act. (R.S. section 1979)

***

Plaintiffs allege #47: That the courts may award triple the amount of exemplary damages where Plaintiff shows that suit was filed against senior citizens and those people who are disabled under California Civil Code section 3345 and U.S.

18

statutes and that based on Federal statutes specific intent as to Plaintiff is not required.

***

Plaintiffs allege #48: That sale of personal information such as that bought by debt buyers, referred to as *portfolios* of consumer debts (i.e., deadbeat lists) violates California civil code section 1788.12 and perhaps federal law but has not been enforced by the Superior Court and civil damages may be awarded under statute derived from the Ku Klux Klan Act (R.S. section 1979).

VERIFICATION

We, Ross Shade and Mary C. Shade, are the plaintiffs in this case, have prepared the foregoing COMPLAINT, and know the contents thereof based on our own knowledge, or if not known believe these to be true. If asked to testify as to the matters contained therein we would do so and do now declare under penalty of perjury under the laws of California that the foregoing information is true and correct and that this declaration is signed in the County of Yolo on this 24th day of June 2008.

_____            _____
Ross Shade                          Mary C. Shade